# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **LORENZO DWIGHT GORDON,** | : | **MOTION TO VACATE** |
| **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| | : | **CRIMINAL ACTION NO.** |
| **v.** | : | **1:19-CR-114-SCJ-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:20-CV-2952-SCJ-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Lorenzo Dwight Gordon, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 57.][1] The matter is before the Court for preliminary review of the § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as premature.

---

[1]   Citations to the record in this Final Report and Recommendation refer to case number 1:19-cr-114-SCJ-AJB-1.

## I.    Discussion

On January 27, 2020, Movant pleaded guilty to possession of a firearm by a convicted felon.  [*See* Docs. 15, 33.]  On July 8, 2020, the District Court sentenced Movant to 180 months of imprisonment, followed by five years of supervised release.  [Doc. 53.]  On July 10, 2020, the District Court filed the Judgment and Commitment.  [Doc. 54.]  Movant executed his § 2255 motion on July 7, 2020, and he mailed it on July 11, 2020.  [Doc. 57 at 12-13.]  Movant claims that the District Court lacked subject matter and personal jurisdiction.  [*Id.* at 4-9.]

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

> Section 2255's statutory construction demonstrates that § 2255 was intended to afford strictly post-conviction relief.  *See* 28 U.S.C. § 2255(a), (f).  First, § 2255 allows "[a] prisoner in custody under sentence of a court" to challenge that sentence, such that the statutory language itself assumes that the movant already has been sentenced. . . .  Also, § 2255, and the relevant case law, instruct that the time for filing a § 2255 motion begins to run after the direct appeal process is complete, such that the statutory language suggests that pursuit of habeas relief should follow pursuit of direct-appeal relief. . . .  Likewise, the reasoning cited by the courts who have held that collateral relief and direct-appeal relief cannot be pursued simultaneously, namely that the disposition of a direct appeal might

2

render a habeas motion unnecessary, applies with equal force to pursuing habeas relief before direct-appeal relief.

*United States v. Casaran-Rivas*, 311 Fed. Appx. 269, 273 (11ᵗʰ Cir. Feb. 11, 2009) (per curiam) (citations omitted).   A § 2255 motion should be dismissed as premature if the movant can pursue a direct appeal.  *Id.*[2]

In the present case, Movant (1) executed his § 2255 motion one day before he was sentenced, and (2) mailed his § 2255 motion three days after sentencing. Because Movant can pursue a direct appeal, his § 2255 motion should be dismissed as premature.  Movant may seek § 2255 relief after pursuing a direct appeal.

## II.   <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right

---

[2]      In the event that Movant does not intend to file a direct appeal, he can file another motion to vacate within the time allowed.

"includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.   <u>Conclusion</u>

For the reasons stated above,

4

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 57], be **DISMISSED** as premature, (2) a COA be **DENIED**, and (3) civil action number 1:20-cv-2952-SCJ-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 11th day of August, 2020.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE