IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO DWIGHT GORDON, | : | MOTION TO VACATE |
| BOP # 72413-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:19-CR-114-SCJ-JEM-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:21-CV-1710-SCJ-JEM |

**FINAL REPORT AND RECOMMENDATION**

Movant, Lorenzo Dwight Gordon, submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 62.) The Government filed a response in opposition. (Doc. 65.) Movant filed a reply. (Doc. 68.) The Court appointed counsel to represent Movant (Doc. 78) and held an evidentiary hearing on two grounds of the § 2255 motion (Doc. 101). The parties filed post-hearing briefs. (Docs. 113, 114, 117.) For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.    PROCEDURAL HISTORY**

On March 23, 2018, Movant shot and killed a man in Jonesboro, Georgia. (Doc. 65 at 3.) On March 26, 2019, Movant was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1.) On May 28, 2019, the Government filed a superseding indictment. (Doc. 15.) On January 27, 2020, the District Court accepted Movant's guilty plea. (Doc.

33.) On July 10, 2020, the District Court filed the Judgment and Commitment, sentencing Movant to the mandatory minimum of 180 months of imprisonment, followed by five years of supervised release. (Doc. 54.) Movant did not appeal. (Doc. 62 at 1.)

On April 17, 2021, Movant timely executed his § 2255 motion. (*Id.* at 21.) Movant raises the following grounds, which the Court renumbers for clarity as follows:

1. Trial counsel, Suzanne Hashimi, provided ineffective assistance by
(a) informing the Government about a pending Fourth Circuit case,
(b) failing to investigate Movant's case before advising him to plead guilty,
(c) failing to challenge the Government's evidence before Movant pleaded guilty and at sentencing,
(d) failing to consider defenses,
(e) failing to advance Movant's argument for withdrawing his guilty plea, including failing to advise him of the mandatory minimum sentence and that the victim's mother would speak at sentencing,
(f) failing to file a notice of appeal, as Movant requested,
(g) failing to advise Movant regarding an appeal, and
(h) committing the "multiple errors" listed above, which "had a cumulative effect."

2. The District Court erred by failing to allow Movant to withdraw his guilty plea.

(*Id.* at 4-18.) On June 20, 2023, the Court held an evidentiary hearing on grounds one(f) and (g). (Doc. 101.)

2

## II. STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient

3

performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide [her] client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 F. App'x 992, 997 (11th Cir. 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 F. App'x 770, 770-71 (11th Cir. 2014)

4

(same). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

In ground one, Movant claims that Attorney Hashimi provided ineffective assistance by (a) informing the Government about a pending Fourth Circuit case, (b) failing to investigate Movant's case before advising him to plead guilty, (c) failing to challenge the Government's evidence before Movant pleaded guilty and at sentencing, (d) failing to consider defenses, (e) failing to advance Movant's argument for withdrawing his guilty plea, including failing to advise him of the mandatory minimum sentence and that the victim's mother would speak at sentencing, (f) failing to file a notice of appeal, as Movant requested, (g) failing to advise Movant regarding an appeal, and (h) committing the "multiple errors" listed above, which "had a cumulative effect." (Doc. 62 at 4-11.)

### 1. Grounds One(a) Through (e)

A criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1151 n.38 (11th Cir. 1991). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per

curiam)). Accordingly, Movant waived the portions of grounds one(a) through (e) in which he claims that Attorney Hashimi provided ineffective assistance (1) before he pleaded guilty, and (2) unrelated to the voluntary and knowing nature of his plea.

     As to the portions of grounds one(a) through (e) in which Movant claims that Hashimi's alleged ineffectiveness caused him to plead guilty involuntarily, Movant must satisfy *Strickland* and *Hill*. When signing his plea agreement, Movant indicated that he had read and carefully reviewed it with Hashimi. (Doc. 33-1 at 12.) During the plea colloquy, Movant indicated that he understood the rights he was giving up by pleading guilty. (Doc. 41 at 5-8.) Although the District Court observed that Movant expressed "some hesitation" to plead guilty in light of the mandatory minimum sentence of 15 years, Movant affirmed that he did not want to go to trial and was freely and voluntarily pleading guilty. (*Id.* at 8-12.) Movant stated that he had sufficient time to discuss the case with Hashimi and was satisfied with her representation. (*Id.* at 25.) Movant indicated that he understood his charge, the possible penalties, and the terms of his plea agreement. (*Id.* at 26-30.) Movant had no disagreements with the evidence against him, and he admitted that he was guilty. (*Id.* at 31-34.) Movant also stated that the plea colloquy was "crystal clear." (*Id.* at 35.) The District Court found that Movant was competent, and his guilty plea was "voluntarily made with full knowledge of the charge against him and the consequences of his plea." (*Id.*)

Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 F. App'x 918, 919 (11th Cir. 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 F. App'x at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy were false).

Movant presents no evidence in his § 2255 motion showing that he made false statements during the plea colloquy. During the evidentiary hearing on grounds one(f) and (g), discussed below, Movant made statements inconsistent with those he made during the plea colloquy. (Doc. 107 at 99, 108.) However, Movant did not testify that he made false statements during the plea colloquy. Accordingly, the undersigned concludes that Movant fails to satisfy his heavy burden. Movant is not entitled to relief on the portions of grounds one(a) through (e) in which he claims that Hashimi provided ineffective assistance in connection with his guilty plea. *See Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

Movant is not entitled to relief on his claim in ground one(e) that Hashimi failed to advance Movant's argument for withdrawing his guilty plea. On February 25, 2020, which was approximately one month after Movant pleaded guilty, Hashimi filed a motion to withdraw guilty plea because Movant "had second thoughts regarding his decision." (Doc. 37 at 1.) On April 24, 2020, the District Court denied the motion to withdraw guilty plea. (Doc. 47.) Because Hashimi did in fact advance Movant's argument for withdrawing his guilty plea, she did not provide ineffective assistance.

Movant is not entitled to relief on his claim in ground one(c) that Hashimi failed to challenge the Government's evidence at sentencing. As the Government points out, Hashimi did in fact challenge the Government's evidence at sentencing by "object[ing] to the application of the Second Degree Murder Guideline, arguing that [Movant] had acted in self-defense." (Doc. 65 at 23.)

Movant is not entitled to relief on his claim in ground one(e) that Hashimi failed to advise him that the victim's mother would speak at sentencing. The victim's mother made brief comments that she would be "glad when [the sentencing is] all over with." (Doc. 64 at 11.) The victim's brother also commented briefly that Movant should receive a sentence longer than 15 years. (*Id.* at 12-13.) Movant fails to show how he could have been prejudiced by Hashimi's alleged failure to give him advance notice of those comments. Movant received a 180-month sentence in accordance with his plea agreement, so the result of the sentencing was not different. Furthermore, Movant

8

inconsistently testified during the evidentiary hearing on grounds one(f) and (g), discussed below, that Hashimi did in fact advise him that the victim's mother and brother would speak at sentencing. (Doc. 107 at 89.) Accordingly, Hashimi did not provide ineffective assistance at sentencing.

### 2. Grounds One(f) and (g)

Movant claims that Hashimi failed to (1) file a notice of appeal, as Movant requested (ground one(f)), and (2) advise him regarding an appeal (ground one(g)). "[A]n attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). "[A] defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Id.* at 792 (citing *Flores-Ortega*, 528 U.S. at 484).

> [C]ounsel generally has a duty to consult with the defendant about an appeal. . . .
>
> [W]here a defendant has not specifically instructed his attorney to file an appeal, [the court] must still determine whether counsel in fact consulted with the defendant about an appeal. . . . [A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal.

9

*Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (citations and internal quotation marks omitted).

During the evidentiary hearing, Hashimi testified that (1) it was her duty and personal practice to file a notice of appeal when a defendant requested it, (2) she discussed with Movant the advantages and disadvantages of filing an appeal throughout her representation, and (3) Movant did not ask her to file a notice of appeal. (Doc. 107 at 10, 15-16, 23-32, 37, 50-71, 76-77.) Hashimi memorialized her advice regarding an appeal in a letter that she addressed to Movant on July 13, 2020. (Doc. 65-1 at 4-5.) Hashimi mistakenly mailed the letter to Movant's former address, but she testified that the letter did not include any new advice. (Doc. 107 at 27-30.)

Movant testified that Hashimi (1) advised him about an appeal "roughly six or seven times," and (2) told him that he had little basis for appeal but could raise an ineffective assistance of counsel claim "if [he felt] that [she] did something wrong or [she] didn't do something . . . ." (*Id.* at 93-94, 111.) However, Movant then seemingly contradicted himself by testifying that Hashimi "never sat down and explained to me, period, the appeal process." (*Id.* at 99.) Movant further contradicted himself by testifying that Hashimi "never brushed [him] off" and "was telling [him] enough to get [him] out [of] the way . . . ." (*Id.* at 103.) Movant testified that he asked Hashimi to file an appeal, but she failed to do so. (*Id.* at 101, 108-09.) Movant also testified that he had not read his plea agreement before signing it. (*Id.* at 99, 108.)

10

Having observed the demeanor of the witnesses and listened to their testimony, the undersigned makes the following findings. Hashimi is credible because her testimony is consistent with the record, including the letter she wrote memorializing the advice she gave Movant regarding an appeal. Movant is not credible because his testimony is inconsistent with the record in at least three instances. First, Movant claimed in ground one(g) that Hashimi failed to advise him regarding an appeal, but he testified that Hashimi did in fact advise him about an appeal approximately six or seven times and "never brushed [him] off." (*Id.* at 93-94, 103, 111.) Movant seemingly contradicted himself by testifying that Hashimi never explained the "appeal process" to him. (*Id.* at 99.) Second, Movant claimed in ground one(e) that Hashimi failed to advise him that the victim's mother would speak at sentencing, but he testified that Hashimi did in fact advise him that the victim's mother and brother would speak at sentencing. (*Id.* at 89.) Third, Movant indicated when he signed his plea agreement that he had read it, but he testified that he had not done so. (*Id.* at 99, 108; Doc. 33-1 at 12.)

After considering all the evidence in this case, the undersigned concludes that Movant has failed to meet his burden to show by a preponderance of the evidence that (1) he asked Hashimi to file a notice of appeal but she failed to do so, and (2) Hashimi did not advise him regarding an appeal. Therefore, Hashimi did not perform deficiently, and Movant was not prejudiced.

### 3. Ground One(h)

Movant's last ground of ineffective assistance is that Hashimi's alleged "multiple errors" considered above "had a cumulative effect." (Doc. 62 at 10-11.) Because the undersigned concluded above that Hashimi did not provide ineffective assistance in grounds one(a) through (g), there could not have been a "cumulative effect" constituting a separate instance of ineffective assistance. *See Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 & n.3 (11th Cir. 2012) (declining to address whether cumulative error presents cognizable claim for habeas relief because "it is enough to say that [a] cumulative error claim clearly fails in light of the absence of any individual errors to accumulate").

### B. Ground Two

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for [the] default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [movant or counsel] from raising [the] claims on direct appeal and that this factor cannot be fairly attributable to [movant's] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to [movant's] actual and substantial disadvantage, infecting [the] entire trial with

12

error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

In ground two, Movant claims that the District Court erred by failing to allow him to withdraw his guilty plea. (Doc. 62 at 12-15.) Ground two is procedurally defaulted because Movant failed to raise it on direct appeal. Movant fails to overcome the procedural default because he neither (1) shows cause and actual prejudice, nor (2) presents proof of actual innocence. (Doc. 65 at 28-30.)

Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability

13

may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 62) be **DENIED**, (2) a certificate of appealability be **DENIED**, and (3) civil action number 1:21-CV-1710-SCJ-JEM be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**SO RECOMMENDED**, this 1st day of July, 2024.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE