# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LORENZO DWIGHT GORDON,** | **CRIMINAL ACTION FILE** |
| Movant, | No. 1:19-CR-0114-SCJ |
| v. | |
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION FILE** |
| Respondent. | No. 1:21-CV-1710-SCJ |

## ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), Doc. No. [120], in which the Magistrate Judge recommends that Movant Lorenzo Dwight Gordon's 28 U.S.C. § 2255 motion to vacate, Doc. No. [62], be denied and that Movant be denied a certificate of appealability. Movant, through counsel, has filed his objections to the R&R. Doc. No. [124].

## I. Background

The Magistrate Judge provided a procedural history of Movant's criminal proceedings, Doc. No. [120] at 1-2, which need not be repeated in its entirety here. Briefly, on January 27, 2020, this Court accepted Movant's guilty plea to one count of possession of a firearm by a convicted felon. Doc. No. [33]. He did not appeal but

filed the instant § 2255 motion raising several grounds of ineffective assistance of counsel and one ground that this Court erred in failing to allow Movant to withdraw his plea. The Magistrate Judge held a hearing regarding two of his ineffective assistance grounds in which Movant contended that his trial counsel, Suzanne Hashimi, was deficient in failing to advise him about and file an appeal after he requested that she do so.

After reviewing the record, the evidence presented at the hearing, and the parties' arguments, the Magistrate Judge determined that (1) Movant's ineffective assistance claims unrelated to the voluntariness of his plea are waived, Doc. No. [120] at 6, (2) he cannot demonstrate that his counsel's ineffectiveness rendered his plea involuntary because he did not show that the sworn statements he made during his guilty plea colloquy were false, id. at 6-7, (3) Movant's counsel was not ineffective in failing to argue in favor of his motion to withdraw his guilty plea or failing to challenge the Government's evidence at sentencing,[1] id. at 8, (4) Movant cannot demonstrate prejudice with respect to his claim that his trial counsel failed to advise him about who would testify for the Government at his sentencing hearing, id. at 8-9, (5) Movant failed to establish that his trial counsel failed to advise him about his

---

[1] For a discussion of the standard for evaluating claims of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), see the R&R. Doc. No. [120] at 3-5.

2

appellate rights and that he requested that trial counsel file an appeal, id. at 9-11, (6) Movant's cumulative error claim failed because there were no errors to begin with, id. at 12, and (7) Movant's claim that this Court erred in failing to grant his motion to withdraw his plea is procedurally defaulted because he did not raise it on appeal, id. at 13.

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

Movant's objections focus solely on the Magistrate Judge's recommendation that Movant is not entitled to relief with respect to his claims that his trial counsel was ineffective in failing to advise him about his appellate rights and for failing to file an

3

appeal after Movant requested that she do so. These two claims were the basis of the hearing held by the Magistrate Judge at which trial counsel and Movant testified.

According to the Eleventh Circuit, after a criminal conviction, counsel is obligated to: (1) inform the defendant about his right to appeal, (2) advise the defendant about the advantages and disadvantages of pursuing an appeal, and (3) make a reasonable effort to ascertain the defendant's wishes about an appeal, regardless of the merits of an appeal. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007).

Under Eleventh Circuit precedent, the right to an appeal in a criminal case is fundamental:

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right. It is a right which is fundamental to the concept of due process of law. A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal in forma pauperis.
>
> . . . By way of analogy we think that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case.

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972) (citations and quotations omitted).

4

This Court has reviewed the transcript of the hearing. At the hearing, trial counsel repeatedly testified that she discussed with Movant his appellate rights, including the benefits and drawbacks of an appeal and trial counsel's assessment of the likelihood of success on appeal in light of the appeal waiver in the plea agreement. Doc. No. [107] at 15-16, 26, 30, 31, 55, 66. She also testified that at no point did Movant ask her to file a notice of appeal and that if Movant had requested that she file an appeal, she would have done so. *Id.* at 15, 29, 61. After their conversations, trial counsel drafted a letter memorializing what was discussed, but it was mistakenly sent to the wrong address, and Movant never received it. Doc. No. [65-1]. Movant testified generally that trial counsel never explained the appeal process to him beyond telling him that his appeal waiver rendered any appeal fruitless. He further testified that he told trial counsel that he wanted her to file an appeal.

The Magistrate Judge, "[h]aving observed the demeanor of the witnesses and listened to their testimony" found that trial counsel's testimony was more credible than Movant's. Doc. No. [120 at 11]. The Magistrate Judge noted that Movant's testimony was inconsistent because he stated at one point that trial counsel did advise him about the appeal process but later asserted that she never advised him about it. *Id.* Movant also made statements that were inconsistent with the claims raised in his § 2255 motion. *Id.*

Movant complains about the short shrift that Magistrate Judge gave to the findings and conclusions in the R&R, arguing that the Magistrate Judge should have more fully addressed his arguments.  He further quibbles with the Magistrate Judge's credibility determinations by calling her findings into question and pointing out reasons that Movant's testimony also contained indicia of reliability and that trial counsel's testimony could be considered questionable.

In response, this Court finds that the Magistrate Judge more than adequately addressed Movant's claims because the determination here is very basic: Where two witnesses provided directly conflicting testimony, who was telling the truth?  The Magistrate Judge made that determination, and as mentioned above, the Magistrate Judge did not rely solely on the inconsistencies of Movant's testimony; she also relied on the demeanor of the witnesses.  A district judge may not disturb a magistrate judge's credibility determinations without rehearing the testimony, United States v. Powell, 628 F.3d 1254, 1257 (11th Cir. 2010); United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001), which Movant has not requested.

Even if Movant had requested a rehearing, this Court sees no basis to grant it. This Court has read trial counsel's and Movant's testimony, and nothing indicates that the Magistrate Judge erred in crediting trial counsel.  Movant's testimony was obviously self-serving.  In comparison, trial counsel has been practicing in this Court

6

for almost forty years, Doc. No. [107] at 9, and the undersigned's numerous interactions with her over the years have demonstrated her competence and bolster her testimony that she "owns" her mistakes. *Id.* at 51. There simply is no compelling reason to disbelieve her testimony. Further, under <u>Strikland</u>, there is a strong presumption that trial counsel has rendered competent representation, <u>Cullen v. Pinholster</u>, 563 U.S. 170, 196 (2011), which lends additional credibility to trial counsel's testimony. While Movant raises rationales that might tend to show that his testimony was more believable, this Court does not find those reasons to be compelling under the circumstances, and Movant certainly has not presented evidence or argument which indicates that there is a likelihood that trial counsel lied. In summary, Movant has failed to demonstrate that the Magistrate Judge erred in concluding that Movant has failed to show that trial counsel was deficient in failing to advise him about his appeal rights and file an appeal at his request.

To complete the record, this Court concludes that the Magistrate Judge did not clearly err in determining that Movant is not entitled to relief with respect to the remainder of his claims. Finally, in his footnote 5 in his objections, Doc. No. [124] at 13 n.5, Movant purports to reserve certain claims. None of those claims were formally raised in this proceeding, and this Court makes no comment on whether he can bring

those claims at a later time beyond pointing out the requirements of 28 U.S.C. § 2244(b)(2) & (b)(3).

## IV. Conclusion

For the reasons stated, Movant's objections, Doc. No. [124] are **OVERRULED**, the R&R, Doc. No. [120], is **ADOPTED** as the order of the Court, and the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [62] is **DENIED**. The Clerk is **DIRECTED** to close Civil Action No. 1:21-CV-1710-SCJ.

The Court further agrees with the Magistrate Judge that Movant has not met the standard of 28 U.S.C. § 2253(c)(2), and a Certificate of Appealability is **DENIED**.

IT IS SO ORDERED this \_\_31st\_\_ day of July, 2024.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE